# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

DARNELL BRANTLEY COLE, JR., :
:
Petitioner :
:
vs. :
:
Commissioner BRIAN OWENS, : NO. 5:11-CV-142 (CAR)
:
Respondent : **O R D E R**

Petitioner **DARNELL BRANTLEY COLE, JR.**, an inmate at the Treutlen Probation Detention Center in Soperton, Georgia, has filed a handwritten mandamus petition. Petitioner requests an order from this Court directing the respondent, Brian Owens, Commissioner of the Georgia Department of Corrections, to award petitioner credit for the time he served in the Effingham County Jail while awaiting a hearing on his probation violation charge.

Initially, the Court notes that venue in this district is improper. The venue provision of 28 U.S.C. § 1391(b) provides in relevant part:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may ... be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ....

In the present case, the event forming the basis of petitioner's petition (*i.e.*, his confinement) occurred in Effingham County, which is located in the Southern District of Georgia. Commissioner Owens presumably resides in the Northern District of Georgia. Therefore, one of those Districts, not the Middle District, is the proper venue for this action.

Title 28 U.S.C. § 1404(a) provides that a district court may transfer a case to another court where it might have been properly filed. However, the court should transfer the case only if doing so is in the interest of justice. A transfer of this case would not be in the interests of justice because federal mandamus is available only to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." ***Brown v. Lewis***, 361 Fed. Appx. 51 (11th Cir. 2010). This Court has no power to issue a writ of mandamus against a state official. ***See e.g., Moye v. Clerk, DeKalb County Superior Court***, 474 F.2d 1275, 1275-76 (5th Cir.1973).

For petitioner's information, his remedy is to seek relief directly from the Georgia Department of Corrections ("GDOC"). If necessary thereafter, he may file a mandamus or injunction action against the Commissioner of the GDOC in the applicable **Georgia superior court**. *See **Ellison v. Seabolt***, 2009 WL 3254881 (S.D. Ga. Oct. 9, 2009) (citing ***Anderson v. State***, 290 Ga. App. 890, 660 S.E.2d 876, 891 (Ga. Ct. App. Apr.9, 2008)). ***See also Williams v. State***, 300 Ga. App. 319 (2009); ***Edwards v. State***, 383 Ga. App. 305, 306, 641 S.E.2d 193 (2007); ***Beasley v. State***, 255 Ga. App. 522 (2002). The final decision may then be appealed to the Georgia Supreme Court. *See* O.C.G.A. § 5-6-35.

In light of the foregoing, the instant action is hereby **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**, this 19th day of April, 2011.

                                           S/ C. Ashley Royal
                                           C. ASHLEY ROYAL, JUDGE
                                           UNITED STATES DISTRICT COURT

cr